**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ALLEN IVINS,<br><br>           Petitioner - Appellant,<br><br>  v.<br><br>M. MARTEL, Warden,<br><br>           Respondent - Appellee. | No. 12-55703<br><br>D.C. No. 5:09-cv-01022-GW-MRW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted August 26, 2013
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District Judge.[**]


    Petitioner-Appellant James Allen Ivins appeals the district court's denial of

his 28 U.S.C. § 2254 habeas corpus petition challenging his sentence as cruel and

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Ivan L.R. Lemelle, District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

unusual punishment in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Our review is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* AEDPA restricts federal courts from granting a habeas writ to a petitioner in custody after a state court judgment on the merits unless the petitioner can show that the state court's last reasoned adjudication of the petitioner's federal claim resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA review is "highly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citation omitted).

Ivins, a previously convicted sex offender, was convicted in California state court for failing to register within five days of changing his location, failing to inform the law enforcement agency with which he last registered of his change of location, and for giving false information to a peace officer in violation of California Penal Code § 290(a)(1)(A) and 290(f)(1), and California Vehicle Code § 31. His convictions for the registration offenses were upheld on direct appeal, but his conviction for providing false information to a peace officer was reversed due

2

to insufficient evidence. Under the California's Three Strikes statute, the sentencing judge imposed a mandatary sentence of 25 years to life for the registration offenses, plus five additional years for Ivins's five previous prison terms.

Ivins filed a pro se petition for writ of habeas corpus in the state trial court that was denied, and his subsequent petitions to the California Court of Appeal and the California Supreme Court were also denied. In 2009, Ivins filed additional habeas corpus petitions in each of the state courts that were all denied. He now challenges the district court's denial of the habeas corpus petition that he also filed in 2009.

Ivins argues that his sentence of 30 years to life is cruel and unusual punishment in violation of the Eighth Amendment because he was convicted of only technical registration violations. However, we have held that a failure to register a new address is not merely a technical violation because it goes to the heart of the statute's purpose: making sure that law enforcement officers can locate sex offenders to protect the public. *Crosby v. Schwartz*, 678 F.3d 784, 793 (9th Cir. 2012); *Gonzalez v. Duncan*, 551 F.3d 875, 884 (9th Cir. 2008). Ivins's failure to register his new location within the five-day period, coupled with his falsification of his proof of registration and the false statements he made to parole

3

and law enforcement officers, provides a reasonable basis for the district court's denial of his habeas corpus petition.

Because Ivins has failed to make "a substantial showing of the denial of a constitutional right," we decline to issue a certificate of appealability on the uncertified issue. 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**